UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. MILLER-SWIFT, <br>    Plaintiff, <br>  v. <br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., <br>    Defendants. | Case No. 17-cv-03408-VC <br><br> **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 15, 16 |

   The motion to dismiss is granted. Dismissal is with leave to amend. Any amended complaint must be filed within 21 days of this order.

   1. The defendants' request for judicial notice is granted. Each document was recorded in the Alameda County Recorder's Office and is therefore part of the public record. Fed. R. Evid. 201; *see Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

   2. The claim for wrongful foreclosure is dismissed. The complaint does not plausibly plead that Mortgage Electronic Registration Systems ("MERS") exited the chain of title between the time the Deed of Trust was executed and the time the loan was allegedly sold by Countrywide Bank, FSB to Countrywide Home Loans, Inc. *See* Dkt. No. 1, ¶¶ 7-8. Although Miller-Swift alleges that MERS no longer held a beneficial interest in the loan after this sale, the Deed of Trust, the Notice of Default, and the assignment of the loan from MERS to BAC Home Loans Servicing, LP each lists MERS as the beneficiary of the loan. Dkt. No. 15, Ex. A at 2; *id.*, Ex. C at 2; *id.*, Ex. F; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If she files an amended complaint, Miller-Swift should allege facts explaining how these judicially noticeable documents can be reconciled with her allegation that MERS exited the chain of title when the loan was sold

by Countrywide Bank, FSB to Countrywide Home Loans, Inc. These allegations will also bear on the question of whether the assignment of the loan was void, *see Yvanova v. New Century Mortgage Corp.*, 365 P.3d 845, 936 (Cal. 2016), and whether the Court can equitably toll the statute of limitations, *see Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920-21 (Cal. 2005). Although the Court is skeptical of the defendants' statute of limitations argument (and skeptical of the reasoning in *Ancheta v. Mortg. Elec. Registration Sys., Inc.*, No. 16-cv-06520-YGR, 2017 WL 3033630, at *1-2 (N.D. Cal. July 18, 2017)), Miller-Swift could bolster her factual allegations about why tolling is necessary, explaining further why she would not have had reason to suspect wrongdoing earlier, or could not have discovered these facts earlier despite reasonable diligence. *See Fox*, 110 P.3d at 921.

3. The claim for cancellation of instruments is dismissed. "The cancellation of an instrument such as a deed is an equitable remedy and not an independent basis for liability." *Williams v. Bank of Am. Nat'l Ass'n*, No. 15-CV-00792-LHK, 2015 WL 6602403, at *8 (N.D. Cal. Oct. 30, 2015), *aff'd sub nom. Williams v. Bank of Am., N.A.*, No. 15-17335, 2017 WL 2983055 (9th Cir. July 13, 2017). If Miller-Swift files an amended complaint, she can request this relief only if she can adequately allege an independent basis for liability for which the cancellation of an instrument would be a remedy.

4. The claim for slander of title is dismissed. Nonjudicial foreclosure documents are subject to privilege. Cal. Civ. Code § 2924(d); *see also Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1158 (N.D. Cal. 2013). Although this privilege no longer applies if the statements made in the documents were made with malice, Miller-Swift's allegations that the defendants and their employees acted with malice turn on her allegation that MERS no longer had an interest in the loan. On this basis, Miller-Swift alleges that the individuals and entities signing the relevant documents were making false statements with malicious intent. Dkt. No. 1, ¶¶ 46-51. Additional detail as to how MERS allegedly exited the chain of title may inform whether the documents are privileged.

**IT IS SO ORDERED.**

Dated: October 16, 2017

_____
VINCE CHHABRIA
United States District Judge