UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. MILLER-SWIFT,<br><br>        Plaintiff,<br><br>    v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>        Defendants. | Case No. 17-cv-03408-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 29, 30, 35 |

        The first amended complaint is dismissed with prejudice as to all claims.[1]  The Court previously dismissed Julie Miller-Swift's wrongful foreclosure claim for not adequately alleging that Mortgage Electronic Registration Systems ("MERS") had exited the chain of title given that the Deed of Trust, Notice of Default, and assignment of the loan from MERS to BAC Home Loans Servicing, LP each lists MERS as the beneficiary.  *See* Dkt. No. 27.  The operative complaint does not remedy this defect.

        Miller-Swift primarily bases her wrongful foreclosure claim on her allegation that MERS exited the chain of title when Countrywide sold the loan to a non-MERS member, Countrywide Home Lending.  However, this claim is inadequately alleged because the Deed of Trust says that MERS remains the nominal beneficiary in the event of such transfers.  Dkt. No. 30-1 at 2 ("MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's

---

[1] The defendants' request for judicial notice is granted.  Each document was recorded in the Alameda County Recorder's Office and is part of the public record.  The plaintiff's request for judicial notice is denied, because the accuracy of the documents' sources cannot be verified and it is unclear whether the documents are being introduced for the truth of their contents or the fact of their existence.  *See* Fed. R. Evid. 201.

successors and assigns. MERS is the beneficiary under this Security Instrument."). Miller-Swift does not explain how MERS necessarily dropped off the chain of title given that MERS was expressly intended to remain the beneficiary. *See Avila v. Wells Fargo Bank, National Association*, No. C 16-05904 WHA, 2016 WL 7425925, at *3 (N.D. Cal. Dec. 23, 2016). Nor is it clear, given the successors-and-assigns clause, why MERS would not have remained the beneficiary despite the securitization. *See Ratliff v. JPMorgan Chase Bank, N.A.*, No. 17-cv-02155-EMC, 2017 WL 2876141, at *8 (N.D. Cal. July 6, 2017). To the extent Miller-Swift alleges that robo-signing rendered the assignments defective, she describes voidable assignments, which are insufficient to establish standing to sue for wrongful foreclosure. *See Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1109 (N.D. Cal. 2014); *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919, 936-42 (2016); *Mendoza v. JPMorgan Chase Bank, N.A.*, 212 Cal. Rptr. 3d 1, 14 (Cal. Ct. App. 2016).

Miller-Swift's claim for slander of title is also dismissed, since it depends on her claim that the documents misrepresented the beneficiary because MERS had dropped off the chain of title. Her claim for cancelation of instruments is dismissed as well, because cancelation of instruments is an equitable remedy and not an independent basis for liability. As before, Miller-Swift has not plausibly alleged a distinct basis for liability.

**IT IS SO ORDERED.**

Dated: February 26, 2018

_____
VINCE CHHABRIA
United States District Judge